UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

KRISTINA L. COPRA, individually, )
as Trustee of the KRISTINA L.          )
COPRA LIVING TRUST                     )
DATED DECEMBER 28, 2012,               )
and as Trustee of the ISAIEA SAM       )
COPRA LIVING TRUST, DATED              )
DECEMBER 28, 2012,                     )
                                       )
   Plaintiffs             )  Cause No. 2:24-cv-337
                                       )
vs.                                    )
                                       )
JOSHUA R. COPRA,                       )
                                       )
   Defendant              )

**COMPLAINT**

  Kristina L. Copra, both in her individual capacity, as the sole Trustee of the Kristina L. Copra Living Trust, dated December 28, 2012, and as the sole Trustee of the Isaiea Sam Copra Living Trust, Dated December 28, 2012, for her Complaint against the defendant, Joshua R. Copra, states as follows:

**I. Parties**

  1. Plaintiff, Kristina L. Copra (hereinafter "Kristina"), is an individual domiciled in and a resident of Camden County in the State of Missouri.

  2. Kristina is the sole trustee of the Kristina L. Copra Living Trust, dated December 28, 2012, and the citizenship of such trust therefore rests in the State of Missouri.

  3. Kristina is the sole trustee of the Isaiea Sam Copra Living Trust, dated December 28, 2012, and the citizenship of such trust therefore rests in the State of Missouri.

  4. The defendant, Joshua R. Copra, was and is domiciled in and a resident of Vermillion County, State of Indiana.

1

## II. Jurisdiction and Venue

5.  This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. 1332 because there is complete diversity of citizenship between the parties and the amount in controversy exceeds Seventy-Five Thousand Dollars ($75,000.00) exclusive of interest and costs.

6.  Venue is proper in this Court and in the Terre Haute Division under 28 U.S. C. § 1391 because the defendant resides in this District and Division and because a substantial part of the events or omissions giving rise to the plaintiffs' claims occurred in this judicial District and Division.

## III. Factual Allegations

### A. Funds Improperly Taken from Kristina's Trust

7.  Kristina and Isaieh Sam Copra (hereinafter "Sam") were married on September 10, 2011. Kristina and Sam remained married up to and including the date of Sam's death on August 24, 2023.

8.  On or about December 28, 2012, both Kristina and Sam executed their own separate trusts. Kristina's trust is known as the Kristina L. Copra Living Trust, dated December 28, 2012 (hereinafter the "Kristina's Trust"). A true and accurate copy of the Trust is attached hereto, marked as "Exhibit A," and made a part hereof. The Trust remains in full force and effect.

9.  Pursuant to Article One, Section 1 of Kristina's Trust, Kristina designated herself and Sam as the initial Co-Trustees. Further, pursuant to Article Fifteen, Section 3 of Kristina's Trust, upon the death of a Co-Trustee, the survivor may serve as a sole Trustee or may name any number of Co-Trustees to serve with her. Since Sam's death, Kristina has not named any Co-Trustee, and as such, she is now the sole Trustee of Kristina's Trust.

10.  Under Article 4 of Kristina's Trust, Kristina reserved unto her the express and total power to control and direct payments, make investment decisions, and further retain the absolute right to add to the trust property at any time and the absolute right to remove property, or any interest therein, from the Trust at any time.

11.  Pursuant to the terms of Kristina's Trust, Kristina was and is the sole beneficiary of the Trust during her lifetime. Further, Article Five, Section 1(a) sets forth the rights reserve by Kristina as follows:

> I reserve, and may exercise without the approval of my Trustee or any beneficiary, all of the rights, powers, options, and privileges with respect to any insurance policy, retirement plan, annuity, or any other third-party beneficiary contract made

payable to my trust or deposited with my Trustee.

12. Likewise, Kristina's Trust set forth the responsibilities and duties of the initial Co-Trustees - - including Sam - - at Article Seventeen, Section 2, as follows:

> My Trustee shall exercise the following administrative and investment powers without the order of any court, as my Trustee determines in its sole and absolute discretion to be in the best interests of the beneficiaries.
>
> Despite any conflicting provision in my trust, my Trustee shall not exercise any power in a manner inconsistent with the beneficiaries' right to the beneficial enjoyment of the trust property in accordance with the general principles of the law of trusts.

13. Article Fifteen of Kristina's Trust addresses the resignation, replacement and succession of trustees. Pursuant to Section 3(b) of this Article, the defendant, Joshua R. Copra, is named as the first priority successor Disability Trustee of Kristina's Trust. Section 3(c) provides that defendant is also the first priority successor Death Trustee of Kristina's Trust.

14. Defendant, Joshua R. Copra is the son and only child of Sam and the step-son of Kristina.

15. That among the assets contained within Kristina's Trust was a Charles Schwab One Trust Account bearing Account No. XXXX-XX-31 (the "Schwab Account"). The Schwab Account was titled in the name of "K Copra and I Copra, Trustees, Kristina L. Copra Living Trust, dated 12/28/2012". This Account held funds designated for the benefit and ultimate retirement of Kristina.

16. At the time of Sam's death, Sam was a retired stockbroker, having previously served as a Senior Vice President with Hilliard-Lyons, Inc. Given Sam's experience and expertise as a stockbroker and investment counselor, Kristina relied totally upon Sam's expertise in the creation and monitoring of the Kristina Trust assets, including the Schwab Account.

17. That in August of 2021, Kristina's Trust's Schwab Account contained assets having a value of One Hundred Ninety-Nine Thousand One Hundred Forty Dollars and Twenty-Five Cents ($199,140.25) Kristina subsequently discovered that following Sam's death, only Four Hundred Forty-Three Dollars and Twenty-Six Cents ($443.26) of these funds remained.

18. At no point prior to Sam's death did Kristina ever withdraw funds from her Trust's Schwab Account, nor did she authorize or consent to the withdrawal of funds from this Schwab Account, or even have knowledge of withdrawals from the Schwab Account.

19. Upon knowledge and belief, Kristina alleges that Sam and/or a third party or third parties withdrew sums of at least from the Kristina's Trust's Schwab Account. Further, upon knowledge and belief, the sums transferred out of Kristina's Trust's Schwab Account were deposited into a THSB The Hometown Savings Bank account held in Sam's name, alone, with the defendant being named as a death beneficiary, or a separate Charles Schwab account held in Sam's name with the defendant named as the death beneficiary.

20. Shortly following Sam's death, the defendant, as the death beneficiary of the two accounts described in the preceding paragraph, transferred the funds which had originally been in Kristina's Trust's Schwab Account into the defendant's own name.

21. That as a result of the above-described transfers, the defendant received Kristina's Trust Funds, in his own name, which could only have been transferred out of Kristina's Trust's Schwab Account through a breach of Sam's fiduciary obligations and responsibilities, or through other wrongdoing. Further, at the time of said transfers, defendant knew that he was taking possession of funds that belonged to Kristina's Trust.

### B. Property Taken from the Residence

22. Sam's separate living trust is known as the Isaiea Sam Copra Living Trust, dated December 28, 2012 (hereinafter "Sam's Trust"). A true and accurate copy of Sam's Trust is attached hereto, marked as "Exhibit B," and made a part hereof. The terms of Sam's Trust are essentially identical to that of Kristina's Trust.

23. Among the assets which were included in Sam's Trust was the residence and real estate commonly known as 1259 S. Paul Dresser Street, Terre Haute, Vigo County, Indiana (hereinafter the "Residence").

24. The Residence was conveyed into Sam's Trust pursuant to a Deed in Trust dated December 28, 2012, and recorded January 8, 2013, in the Office of the Vigo County Recorder.

25. That also included within Sam's Trust was his non-business tangible personal property, which included contents located within the Residence. Additionally, Kristina had her own personal property kept in the Residence, which personal property included a surveillance system.

26. Upon Sam's death, Kristina became the sole Trustee of Sam's Trust, pursuant to Article Fifteen, Section 3(c). Further, Kristina is named as the primary death beneficiary of Sam's Trust pursuant to Article Nine thereof.

27. Shortly following Sam's death, and on several occasions, the defendant, accompanied by others, entered the Residence without the permission or authority of Kristina, and took numerous items of personal property from the Residence belonging to Sam's Trust and

also belonging to Kristina.

28. Defendant has never returned the personal property owned by Sam's Trust and by Kristina, individually, which he improperly and illegally took from the Residence following Sam's death.

## IV. Causes of Action

### Count One - Constructive Trust

29. Kristina re-alleges rhetorical paragraphs 1 through 26 of this Complaint as if fully set forth within this Count One.

30. Upon Sam's death, the defendant had transferred to his individual ownership funds from Kristina's Trust's which had been improperly and unlawfully removed therefrom.

31. Defendant also held a fidudicary relationship with Kristina because he was named as the first priority successor Disability Trustee and successor Death Trustee of Kristina's Trust.

32. Defendant's receipt of the funds improperly removed from Kristina's Trust, as well as defendant's fiduciary relationship with Kristina and Kristina's Trust, has resulted in the defendant being unjustly enriched.

33. Under the facts and circumstances described hereinabove, a constructive trust was created under Indiana law with the defendant as Trustee of said constructive trust. Kristina's Trust and Kristina are the beneficiaries of the aforesaid constructive trust.

34. Pursuant to the terms of said Constructive Trust, defendant, as Trustee thereof, is obligated to pay to Kristina's Trust and/or Kristina, an amount equal to those sums improperly and/or illegally removed from Kristina's Trust, which sums, at a minimum, are in the amount of One Hundred Ninety-Eight Thousand, Six Hundred Ninety-Six Dollars and Ninety-Nine Cents ($198,696.99), plus interest, Kristina's attorney's fees and the costs of this litigation.

### Count Two - Criminal Conversion

35. Kristina re-alleges rhetorical paragraphs 1 through 32 of this Complaint, as if fully set forth in this Count Two.

36. By knowingly and/or intentionally removing the personal property of Sam's Trust, as well as personal property owned individually by Kristina, from the Residence, defendant intentionally exerted unauthorized control over such property.

37. By knowingly and/or intentionally taking ownership of funds following Sam's

death, which the defendant knew had been improperly and/or illegally transferred from Kristina's Trust, defendant intentionally exerted unauthorized control over such funds.

38. It was the defendant's conscious objective to deprive both Sam's Trust, Kristina's Trust and Kristina of their property.

39. In the alternative, defendant was aware of a high probability that he was unlawfully depriving Sam's Trust, Kristina's Trust and Kristina of their rightful property interest in taking such property and funds.

40. Defendant exercised said unauthorized control over the personal property and funds without the informed consent of Sam's Trust, Kristina's Trust or Kristina.

### Count Three - Civil Conversion

41. Kristina re-alleges rhetorical paragraphs 1 through 38 of this Complaint as if fully set forth within this Count Three.

42. By taking the personal property from the Residence and obtaining ownership of the funds improperly and illegally transferred out of Kristina's Trust, defendant misappropriated such property and funds belonging to Kristina's Trust, Sam's Trust and Kristina, for defendant's own use and benefit.

43. In so doing, defendant exercised unlawful dominion over the property and funds of Kristina's Trust and/or Kristina, in exclusion and defiance of the rights of Kristina's Trust, Sam's Trust and Kristina, inconsistent with the rights of Kristina's Trust and/or Kristina.

### Count Four - Breach of Fiduciary Duty

44. Kristina re-alleges rhetorical paragraphs 1 through 41, as if fully set forth within this Count Four.

45. Defendant, by virtue of his role as the first priority Successor Disability Trustee and successor Death Trustee of Kristina's Trust, owed a duty to Kristina's Trust and Kristina to act with the upmost good faith in his dealings with Kristina's Trust and with her, individually, and was under a legal obligation to disclose to Kristina, both as Successor Trustee of her Trust and individually, the improper and illegal transfers made out of Kristina's Trust.

46. By engaging in various acts, including the receipt and retention of funds improperly and illegally transferred out of Kristina's Trust, and in further taking personal property from the Residence, after Sam's death, and without the authorization or consent of Kristina, both as Trustee of Kristina's Trust, Sam's Trust and individually, the defendant violated his duties of trust, good faith, and honesty to Kristina and the Trusts.

47. That Kristina Kristina's Trust, and Sam's Trust have suffered damages as a direct and proximate result of the defendant's breach of his fiduciary duties.

### Count Five - Unjust Enrichment

Kristina re-alleges rhetorical paragraphs 1 through 45 of this Complaint, as if fully set forth within this Count Five.

48. In receiving the benefit of the ownership of the proceeds improperly and illegally transferred out of Kristina's Trust and further in taking personal property from the Residence following Sam's death, without Kristina's consent or authorization, either individually or as Trustee of Kristina's Trust and Sam's Trust, defendant has received a measurable benefit.

49. Defendant's retention of said benefits without accounting to Kristina, Kristina's Trust, and Sam's Trust, and payment to her and the Trusts, would be unjust.

WHEREFORE, plaintiff, Kristina L. Copra, prays to the Court that it:

1. Find that a constructive trust was created by defendant and that Kristina, Kristina's Trust, and Sam's Trust are the beneficiaries thereof;

2. Determine that defendant has breached his fiduciary duties as Trustee under the terms of the Constructive Trust;

3. Determine that defendant has criminally converted the personal property which he took from the Residence following Sam's death, which conversion occurred without the consent or authorization of Kristina, as Trustee and individually;

4. Find that defendant has been unjustly enriched through his receipt and retention of funds improperly and illegally transferred out of Kristina's Trust, and through his taking and conversion of personal property from the Residence belonging to Kristina and Sam's Trust;

5. Award judgment to Kristina, individually and as Trustee of Kristina's Trust and and Sam's Trust against defendant for the damages caused by the breach of his fiduciary duties under the Constructive Trust, Kristina's Trust and Sam's Trust; for his conversion (both criminal and civil) of the personal property which he took from the Residence; and for his unjust enrichment in receiving and retaining such funds and personal property;

6. Award judgment in favor of Kristina, Kristina's Trust and Sam's Trust and against defendant for the damages incurred by Kristina, Kristina's Trust, and Sam's Trust, for attorneys' fees and the cost of this litigation, for treble damages,

for punitive damages, and for the costs of this action; and

7. For all other relief just and proper in the premises.

I AFFIRM UNDER THE PENALTIES OF PERJURY, THAT THE FOREGOING FACTUAL STATEMENTS ARE TRUE AND CORRECT.

Kristina L. Copra

Respectfully submitted,

HASSLER KONDRAS MILLER LLP

By  /s/ Mark D. Hassler
      Mark D. Hassler
      Attorney No. 8102-84

100 Cherry Street
Terre Haute, IN 47807
(812) 232-9691